# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE JACQUEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-1199-CV-W-FJG ) |
| CHIEF JAMES CORWIN, et al., | ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendants' Motion for Summary Judgment (Doc. # 36), defendants' Motion for Leave to Stay All Remaining Pre-Trial Deadlines (Doc. # 49) and plaintiff's Motion for Dismissal without Prejudice (Doc. # 50).

## I. BACKGROUND

Defendants filed their Motion for Summary Judgment on September 11, 2006. Suggestions in opposition were originally due on October 16, 2006. On October 16, 2006, plaintiff's counsel filed a Motion for Extension of Time to respond to the Motion. An extension was granted, giving plaintiff's counsel until November 6, 2006 to respond to the motion. On November 6, 2006, plaintiff's counsel filed a second motion for extension of time. The Court denied plaintiff's second motion for an extension of time on November 16, 2006. To date plaintiff has failed to file suggestions in opposition or otherwise respond to the Motion for Summary Judgment. On December 7, 2006, the Court ordered plaintiff to show cause in writing on or before Thursday December 14, 2006 why defendants' Motion for Summary Judgment should not be granted. To date plaintiff has failed to file any response to the Order to Show Cause.

On February 9, 2007, plaintiff filed a Motion for Dismissal Without Prejudice (Doc. # 50). Plaintiff states that she cannot afford to hire an expert witness to testify regarding police deadly use of force and while she has a good faith belief that the Kansas City Police Department used excessive deadly force, she realizes she cannot respond to defendants' Motion for Summary Judgment without an expert witness.

Defendants state that the Motion for Dismissal without Prejudice should be denied because since the filing and answering of the first amended complaint, plaintiff has essentially done nothing to prosecute the case, other than filing motions for extension of time. Meanwhile, defendants state that they have expended substantial time on the case, serving discovery, filing Rule 26 disclosures and supplementing the disclosures six times, filing a motion for summary judgment and designating an expert witness. Additionally, defendants state that they noticed up the depositions of both plaintiff and her son, but they failed to appear for their depositions. Defendant states that a pattern of dilatory conduct is enough for a court to dismiss a case with prejudice. Because they have spent time and money defending this case, defendants argue that plaintiff should not be allowed to benefit from a dismissal without prejudice.

## II. STANDARD

Fed.R.Civ.P. 41(a)(2) states in part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

In Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc., 139 F.Supp.2d 1109, 1114 (D.Minn. 2001), aff'd, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

The decision to allow a party to voluntarily dismiss an action rests within

the sound discretion of the court.  Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941 (8th Cir. 1999). The factors that the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant.

In Witzman v. Gross, 148 F.3d 988 (8th Cir. 1998), the Court noted that additional factors courts consider are whether a motion for summary judgment has been filed by the defendant and whether there has been excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action.  In the instant case, the Court finds that plaintiff has presented a proper explanation for her desire to dismiss.  Additionally, the Court finds that a dismissal would not waste juridical time or effort because the work done on the case to date could be used if plaintiff were to refile the action.  Although there may be some prejudice to the defendant by allowing the voluntary dismissal, the Court finds that this can be addressed by the imposition of conditions placed upon the refiling.  Additionally, the Court notes that although there was a summary judgment motion filed in this case, it was filed early on and was not based on any deposition testimony, but rather primarily on legal arguments.  Although the Court finds that plaintiffs were not as diligent as they could be, the Court does not find that this factor alone dictates denying the motion.  After weighing all of the factors, the Court finds that plaintiff's Motion for Voluntary Dismissal should be granted.  However, plaintiff should be advised that if she wishes to pursue this action a second time, she will be required to first pay the costs of this action, pursuant to Fed.R.Civ.P. 41(d).

### III. CONCLUSION

Therefore, the Court hereby **GRANTS** plaintiff's Motion for Dismissal Without Prejudice (Doc. # 50), **DENIES** defendants' Motion for Summary Judgment (Doc. # 36) and **DENIES** as **MOOT** defendants' Motion for Leave to Stay All Remaining Pre-Trial Deadlines (Doc. # 49).

Date: 2/14/07　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge